**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiffs*
File No.: 108170

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FameFlynet, Inc. and BWP Media USA Inc. d/b/a Pacific Coast News,<br><br>Plaintiffs,<br><br>vs.<br><br>Wisdom Digital Media, LLC,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT** |

FameFlynet, Inc. ("FFN") and BWP Media USA Inc. d/b/a Pacific Coast News ("BWP") (hereinafter collectively "Plaintiffs"), by and through their undersigned counsel, for their Complaint against Defendant Wisdom Digital Media, LLC ("Wisdom" or "Defendant") state and allege as follows:

**INTRODUCTION**

1. This action seeks to recover for copyright infringement. Plaintiffs herein provide entertainment-related photojournalism goods and services, and own the rights to photographs featuring celebrities that they license to online and print publications. Plaintiffs have obtained U.S. copyright registrations covering many of their photographs, and many others are the subject of pending copyright applications.

2. Defendant owns and operates a website known as www.broadwayworld.com ("Website"). Without permission or authorization from Plaintiffs, Defendant actively copied,

stored, modified and displayed Plaintiffs' photographs on the Website, and engaged in this misconduct knowingly and in violation of United States copyright laws.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

4. Additionally, this Court has subject matter jurisdiction over all of the photographs, inclusive of any unregistered images. *Reed Elsevier, Inc. v. Muchnick,* __ U.S. __, 130 S.Ct. 1237 (2010), *see e.g. Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1154 9th Cir. 2007); *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994); *Pac. & S. Co., Inc., v. Duncan,* 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984).

5. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in New York and, by means of its New York office and the Website described herein, Defendant regularly and systematically does business in—and derives substantial revenue from goods used or consumed in—New York.

6. This Court also has personal jurisdiction over Defendant because, through the Website described herein, Defendant purposely directs substantial and continuous activities at the residents of New York and, therefore, Defendant falls under the applicable long-arm jurisdictional statutes of New York.

7. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

**I.   Plaintiffs**

8. FFN is a California corporation and maintains its principal place of business in Los Angeles County, California.

9. BWP is a Delaware corporation and maintains its principal place of business in Los Angeles County, California.

**II.     Defendant**

10.     On information and belief, Defendant is a Delaware limited liability company with a principal place of business in New York County, New York, and is liable and responsible to Plaintiffs based on the facts herein alleged.

11.     Defendant designs entertainment and technology websites.[1]  The Website is Defendant's flagship site, and the largest theatre site on the Internet, "covering Broadway, the West End and beyond to 100 US cities, and 30 countries worldwide."[2]  The Website has over 4,000,000 monthly visitors and delivers "complete-up-to-the minute Broadway, off-Broadway, and regional theatre news, in-depth interviews, extraordinary photo coverage, entertaining video features, lively message boards, ticket discounts, reviews, and more."[3]

12.     On information and belief, Defendant is the owner and operator of the Website and is responsible for its content.

13.     The Website is a popular and lucrative enterprise that purposefully displays celebrity and news photographs, including Plaintiffs' copyrighted photographs.

14.     The Website is monetized in that it contains paid advertisements and sells merchandise (including tickets to Broadway shows) to the public and, on information and belief, Defendant profits from these activities.

15.     Without permission or authorization from Plaintiffs, Defendant volitionally selected, copied, modified, stored and displayed Plaintiffs' copyright-protected photographs (hereinafter collectively "Photographs"), as set forth in Exhibit "1", which is annexed hereto and incorporated in its entirety herein, on the Website.

16.     On information and belief, the Photographs were copied, modified, stored and displayed without license or permission, thereby infringing on Plaintiffs' copyrights (hereinafter collectively "Infringements").

17.     As is set forth more fully in Exhibit "1", each listed Infringement contains the Uniform Resource Locator ("URL") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific item of infringement.  *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

---

[1] http://www.wisdomdigital.com/about-publishing.cfm
[2] Id.
[3] Id.

18. Each listed infringement in "Exhibit 1" is an exact copy of Plaintiffs' original image that was directly copied and stored by Defendant on the Website.

19. Each infringement listed in "Exhibit 1" constitutes a separate and distinct act of infringement by Defendant.

20. On information and belief, Defendant takes an active and pervasive role in the content posted on the Website, including, but not limited to copying, posting, selecting, commenting on and displaying Plaintiffs' Photographs.

21. 17 U.S.C. §512, also known as the Digital Millennium Copyright Act ("DMCA"), provides a defense against an infringement that is "by reason of the storage at the direction of a user."  The applicable legislative history provides that "[i]nformation that resides on the system or network operated by or for the service provider through its own acts or decisions and not at the direction of a user does not fall within the liability limitation of subsection (c)." *See* S.Rep. No. 105–190, at 43 (1998).

22. Defendant's conduct is not safe harbored by the DMCA because none of the Infringements were posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

23. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was unaware of the infringing activities, including the specific Infringements which form the basis of this Complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

24. On information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

25. Additionally, on information and belief, Defendant, with "red flag" knowledge of the Infringements, failed to promptly remove same (*see 17 U.S.C. §512(c)(1)(A)(i)*) as evidenced by the following:

(a) Defendant's employees and agents created, authored and/or commented on postings and articles on the Website, similar to and/or including those featuring Plaintiffs' copyrighted Photographs; and

(b) Defendant's employees and agents actively reviewed, monitored, modified and/or deleted postings and articles on the Website, similar to and/or including

4

those featuring Plaintiffs' copyrighted Photographs.

26. Further, Defendant has the legal right and practicable ability to control and limit the infringing activities on the Website, and habitually exercised such right and ability, which, on information and belief, is evidenced by the following:

(a) Defendant's employees and agents had complete control over and actively reviewed and monitored the content posted on the Website; and

(b) Defendant's employees and agents actively review, modify and delete postings and/or articles on the Website.

27. On information and belief, Defendant has received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, Defendant experienced increased traffic to the Website and, in turn, realized an increase in its brand awareness, viewership base, merchandise sales and advertising revenues. *17 U.S.C. §512(c)(1)(B).*

28. On information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website. For example, the Website has an Alexa ranking of 3,498 in the United States and 13,078 in the world.[4]

29. On information and belief, Defendant at all times had the legal right and practicable ability to stop the reproduction and display of Plaintiffs' copyrighted material.

30. As a result of Defendant's misconduct, Plaintiffs have been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

31. Plaintiffs repeat and incorporate by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

32. The Photographs are original, creative works in which Plaintiffs own valid copyrights properly registered or pending registration with the United States Copyright Office.

33. Plaintiffs have not licensed Defendant the right to use the Photographs in any manner, nor have Plaintiffs assigned any of their exclusive rights in the Copyrights to

---

[4] http://www.alexa.com/siteinfo/www.broadwayworld.com

Defendant.

34. Without permission or authorization from Plaintiffs and in willful violation of their rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and publicly displayed works copyrighted by Plaintiffs, thereby violating Plaintiffs' exclusive rights in their copyrights.

35. Defendant's reproduction and display of the Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

36. On information and belief, thousands upon thousands of people have viewed the unlawful copies of the Photographs on the Website.

37. As a direct and proximate result of Defendant's misconduct, Plaintiffs have been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## SECOND COUNT
*(Vicarious Copyright Infringement)*

38. Plaintiffs repeat and incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

39. At all material times hereto, on information and belief, Defendant had the legal right and practicable ability to supervise, control, limit and stop the infringing conduct of its employees, agents and members, and yet, Defendant declined to exercise such right and ability to do so in the instant case.

40. For example, on information and belief, Defendant had the practicable ability to police the images on the Website when its employees or agents edited, modified and interacted with the Photographs, and therefore had the right and ability to supervise and control the infringing Photographs.

41. As a direct and proximate result of Defendant's refusal to exercise its right to stop or limit the infringing conduct, on information and belief, Defendant's employees, agents and members have continued to infringe upon Plaintiffs' Photographs, which in turn generates profits for Defendant directly from the use of the Infringements.

42. On information and belief, Defendant enjoyed a directed financial benefit from

the infringing activity of its members, employees and agents from, *inter alia*, advertising revenue derived from the increased traffic to the Website and from increase in fees paid by sponsors.

43. On information and belief, Defendant further enjoyed a directed financial benefit from using the "draw" of Plaintiffs' Photographs to increase user traffic, thereby increasing advertising revenue and merchandise sales, and expanding its readership base and brand awareness.

44. Accordingly, Defendant is liable as a vicarious infringer since it profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

45. As a direct and proximate result of Defendant's misconduct, Plaintiffs have been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## THIRD COUNT
*(Injunction Pursuant to 17 U.S.C. §502)*

46. Plaintiffs repeat and incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

47. Plaintiffs request a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendant from displaying the Infringements.

## FOURTH COUNT
*(Attorney Fees and Costs Pursuant to 17 U.S.C. §505)*

48. Plaintiffs repeat and incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

49. Plaintiffs request, pursuant to 17 U.S.C. §505, their attorney fees and costs for the prosecution of this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully requests judgment as follows:

That the Court enter a judgment finding that Defendant has infringed on Plaintiffs' rights to the Photographs in violation of 17 U.S.C. §501 <u>et seq.</u> and award damages and monetary relief as follows:

   a. Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement, or, in the alternative, Plaintiffs' actual damages and the disgorgement of Defendant's wrongful profits in an amount to be proven at trial; and

   b. A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

   c. Plaintiffs' attorneys' fees pursuant to 17 U.S.C. §505; and

   d. Plaintiffs' costs; together with

   e. Such other relief that the Court determines is just and proper.

DATED: October 29, 2015

**SANDERS LAW, PLLC**

  /s/ Craig B. Sanders, Esq.
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 281-7601
csanders@sanderslawpllc.com

*Attorneys for Plaintiffs*
File No.:108170